United States District Court
Southern District of Texas
**ENTERED**
June 24, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LARRY JOE GERKE, TDCJ #01824769, | § § § § | |
| Petitioner, | § § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-25 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM AND ORDER

The petitioner, Larry Joe Gerke (TDCJ #01824769), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") who has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent Lorie Davis has filed a motion for summary judgment accompanied by the appropriate state-court records (Dkt. 10, Dkt. 15, and Dkt. 16).

Gerke has missed multiple deadlines to respond. The first deadline was set by this Court's order telling Gerke to respond to the motion for summary judgment within thirty days of the motion's being filed (Dkt. 8 at p. 3). Nine months after the motion was filed, having received no response from Gerke, the Court dismissed the case for want of prosecution and for failure to comply with a court order (Dkt. 19). The dismissal order informed Gerke that

he could reopen the case by filing a motion to reopen, accompanied by a response to the motion for summary judgment, within thirty days of the dismissal (Dkt. 19).

Gerke missed that deadline, too. Five months after the Court entered its order of dismissal, Gerke filed a motion to reopen the case (Dkt. 21). Gerke then filed another motion to reopen two months after that (Dkt. 22). Neither motion was accompanied by a response to the motion for summary judgment, and the explanations Gerke gave for his failure to file a timely response were vague and inconsistent.

The Court, nevertheless, granted Gerke's motions and gave him another thirty days to file a response (Dkt. 23). Gerke missed his deadline again and has requested an extension (Dkt. 25). The Court will deny that request; Gerke has had ample time and several opportunities to get a response on file as ordered by the Court.

After reviewing all of the pleadings, the record, and the applicable law, the Court will dismiss Gerke's petition.

## I.  BACKGROUND

Gerke was sentenced to nine years in prison for violating a deferred adjudication supervision order stemming from a stalking charge (Dkt. 10-1 at pp. 18–21). The deferred adjudication order had barred Gerke from contacting his ex-wife for five years (Dkt. 10-1 at p. 13), and she testified that he made a threatening phone call to her at work about two weeks after the state trial court entered the order (Dkt. 15-4 at p. 24–26). Her coworker also heard

the call (Dkt. 15-4 at p. 41). Gerke took the stand at his revocation hearing and denied the incident (Dkt. 15-4 at pp. 57–58).

Gerke's appointed appellate counsel filed an *Anders* brief[1] with the Fourteenth Court of Appeals of Texas (Dkt. 15-8), and the Fourteenth Court agreed that Gerke's appeal was wholly frivolous (Dkt. 15-9). Gerke did not pursue his direct appeal any further. Gerke then filed a state habeas petition, which the Texas Court of Criminal Appeals denied without a written order on the findings of the trial court (Dkt. 10-1 at p. 2).

In his federal habeas petition, Gerke argues that his pre-revocation-hearing custody violated his due process rights, that the evidence presented at the revocation hearing was insufficient to establish that Gerke violated the terms of the court order, and that the violation of which Gerke was accused did not justify revocation (Dkt. 1 at pp. 11–16).

## II.  STANDARDS OF REVIEW

### A.  Habeas Corpus

Gerke's federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Lindh v. Murphy*, 117 S. Ct. 2059, 2068 (1997). The intent of the AEDPA is to avoid federal habeas "retrials" and "ensure that state-court convictions are given effect to the extent possible under [the] law." *Bell v. Cone*, 122 S. Ct. 1843, 1849 (2002).

---

[1] An *Anders* brief advises the court that counsel believes the case to be wholly frivolous and requests permission to withdraw. It must refer to anything in the record that might arguably support the appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967); *United States v. Flores*, 632 F.3d 229, 232 (5th Cir. 2011).

The provisions of Section 2254(d) create a highly deferential standard, thereby demanding that state court decisions be given the benefit of the doubt. *Woodford v. Visciotti*, 123 S. Ct. 357, 360 (2002). A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court's decision:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
28 U.S.C. § 2254(d).

"Pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), and questions of fact are reviewed under § 2254(d)(2)." *Martin v. Cain*, 246 F.3d 471, 475–76 (5th Cir. 2001) (quotation marks omitted).

A state court decision is contrary to clearly established law if the decision contradicts the governing law set forth by the Supreme Court or if the state court decides a case differently than the Court's precedent when the facts are materially indistinguishable. *Early v. Packard*, 123 S. Ct. 362, 365 (2002). A state court unreasonably applies federal law if the court "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 120 S. Ct. 1495, 1523 (2000). To be an unreasonable application of federal law, the state decision must be objectively unreasonable and more than simply incorrect or erroneous. *Lockyer v. Andrade*, 123 S. Ct. 1166, 1174 (2003).

Because the AEDPA grants great deference to state determinations of factual issues, a claim adjudicated on its merits in state court and based on factual decisions will not be overturned on factual grounds unless the court determines that the decision was both incorrect and objectively unreasonable. *Williams*, 120 S. Ct. at 1522. In reviewing a federal habeas petition, the court must presume that a factual determination made by the state court is correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### B.   Summary Judgment

A court may grant summary judgment when the evidence shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2552 (1986). The moving party has the responsibility of informing the court of the basis for its summary judgment motion and "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . .'" that demonstrate that there is no genuine issue of material fact. *Celotex*, 106 S. Ct. at 2553. In response, the nonmovant must go beyond the pleadings and by affidavits, depositions, answers to interrogatories, or admissions on file show that there is a genuine issue of material fact requiring resolution through a trial. *Id.* If the nonmoving party is unable to meet this burden, the motion for summary judgment will be granted. FED. R. CIV. P. 56(c).

Rule 56 of the Federal Rules of Civil Procedure "applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). The rule, however, only applies to the extent that it does not conflict with the habeas rules. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds, Tennard v. Dretke*, 124 S. Ct. 2562 (2004). Generally, in ruling on a motion for summary judgment, the court resolves any doubts and draws any inferences in favor of the nonmoving party—*Hunt v. Cromartie*, 119 S. Ct. 1545, 1551–52 (1999)—but 28 U.S.C. § 2254(e)(1) commands that factual findings of the state court are to be presumed correct. Thus, 28 U.S.C. § 2254(e)(1) overrides the general summary judgment rule. *Smith*, 311 F.3d at 668. The petitioner is required to rebut the presumption of correctness by clear and convincing evidence; otherwise, the court will presume the factual determination of the state court is correct. *Id.*; 28 U.S.C. § 2254(e)(1).

### III. PRE-HEARING CUSTODY

Gerke first argues that his pre-revocation-hearing custody violated his due process rights. The argument is unclear, but Gerke cites Article 42.12, Section 21 of the Texas Code of Criminal Procedure, which requires that a person who is arrested on suspicion of having violated a community supervision order be given a hearing before a magistrate within 48 hours of the arrest. TEX. CODE CRIM. PROC. art. 42.12, § 21. If he is not released on bail, the person can file a motion requiring that he be given a hearing on the alleged community supervision violation within 20 days. *Id.* Gerke contends in his petition that he was held in

6

county jail for six months before his revocation hearing (Dkt. 1 at pp. 11–12). He does not claim to have filed a motion requesting that his hearing be expedited.

Gerke has not shown that the state courts' disposition of his pre-hearing custody claim was objectively unreasonable. He seems to think that the State's failure to comply with Article 42.12, Section 21 of the Texas Code of Criminal Procedure (assuming the State's noncompliance) automatically entitles him to habeas relief; but he does not link the State's actions to any violations of his federal Constitutional rights, and "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (quotation marks omitted). Even if Gerke is arguing that the provisions of Section 21 give rise to state-created rights protected by the Fourteenth Amendment's Due Process clause, habeas relief is not appropriate unless the State's actions had a "substantial and injurious effect or influence" in determining the outcome of the revocation proceeding. *See Fry v. Pliler*, 551 U.S. 112, 121–22 (2007); *Brecht v. Abrahamson*, 507 U.S. 619, 631 (1993); *see also Collins v. Turner*, 599 F.2d 657, 658 (5th Cir. 1979) (denying habeas relief on claim that state failed to conduct a preliminary revocation hearing because the state "did afford [the petitioner] a full evidentiary hearing, with counsel present, before the revocation of his probation became final"). Gerke has made no such showing.

Liberally construed, Gerke's petition could also be arguing that, under the parole-revocation jurisprudence of the United States Supreme Court, his due-process protection was violated by an unreasonable delay in his revocation proceedings. *See, e.g., Baca v. Owens,*

293 Fed. App'x 247, 251 (5th Cir. 2008). However, Gerke has not shown that the delay, even if unreasonable, caused him actual prejudice; and prejudice is not apparent from the record. *Id*; *see also Villarreal v. United States Parole Commission*, 985 F.2d 835, 837 (5th Cir. 1993). Gerke, for instance, does not point to any incriminating statements that he gave to the State while in jail, let alone incriminating statements obtained in violation of his federal Constitutional rights. He does not claim to have lost the opportunity to present any evidence in his defense, and he in fact presented telephone records and ignition interlock records to the trial court in an attempt to counter his ex-wife's testimony (Dkt. 15-5 and Dkt. 15-6). He was ably represented by counsel at his revocation hearing, at which he voluntarily testified. The trial court's decision apparently came down to a swearing match between Gerke and his ex-wife (and her coworker); it is unclear how holding the revocation hearing earlier could have helped Gerke win it.

The Court rejects this claim.

## IV. SUFFICIENCY OF THE EVIDENCE

Gerke next argues that the evidence introduced at his revocation hearing was insufficient to support the trial court's findings and judgment (Dkt. 1 at pp. 13–14).

The Respondent argues that this sufficiency-of-the-evidence ground is procedurally defaulted, and the Court agrees. Under the procedural default doctrine, a federal habeas claim is procedurally barred from federal review when the state court denied relief on an adequate state-law basis that was independent of the merits of the federal claim. *Balentine v. Thaler*,

626 F.3d 842, 850–56 (5th Cir. 2010). A state-law basis for the state court's decision is "adequate" when the rule applied by the state court is firmly established and regularly followed, even if there is an occasional aberrant state court decision. *Id.* The petitioner has the burden to establish that the state-law rule is not regularly applied or that the rule was misapplied under the circumstances of the case. *Wright v. Quarterman*, 470 F.3d 581, 586 (5th Cir. 2006).

Under longstanding Texas law, a challenge to the sufficiency of the evidence supporting a conviction is "not cognizable by way of post conviction collateral attack"—*Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994)—and the Fifth Circuit has recognized this Texas procedural rule as adequate. *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994). The Texas Court of Criminal Appeals invoked that procedural bar when it denied Gerke's state habeas petition without written order. *See Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004) ("[W]here an applicant challenges the sufficiency of the evidence on an application for a writ of habeas corpus, and we subsequently dispose of the application by entering a denial without written order, the applicant's sufficiency claim was denied because the claim is not cognizable."). Gerke has not established any basis on which he can circumvent the procedural bar, and none is apparent. *See Renz*, 28 F.3d at 432–33.

Even if the procedural bar did not apply, the revocation of Gerke's deferred adjudication supervision was plainly supported by sufficient evidence. To begin with, the State only had to prove a violation of the deferred adjudication terms by a preponderance of

the evidence, not beyond a reasonable doubt. *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). As Judge Atlas has noted in a thorough opinion, the revocation of deferred-adjudication probation passes Constitutional muster under the Fourteenth Amendment Due Process clause as long as that revocation is not "totally devoid" of evidentiary support. *Williams v. Dretke*, No. 4:05-CV-1735, 2006 WL 492404, at *11 (S.D. Tex. Feb. 28, 2006) (quoting *Douglas v. Buder*, 412 U.S. 430, 432 (1973) (per curiam)). The lower burden of proof is Constitutionally permissible because the revocation of probation is not a stage of a criminal prosecution—the criminal prosecution is over. *Gagnon v. Scarpelli*, 411 U.S. 778, 781–82 (1973). Thus, while the revocation obviously results in a loss of liberty, the loss is of "conditional liberty properly dependent on observance of special [probation] restrictions" rather than "the absolute liberty to which every citizen is entitled[.]" *Id.* (quotation marks omitted).

As to the violation itself, the state trial court's deferred adjudication supervision order barred Gerke from contacting his ex-wife in any way (Dkt. 15-1 at p. 39). And, as noted before, Gerke's ex-wife testified that he called her at work, and a coworker corroborated her testimony. Gerke's denial that the incident happened simply presented the trial court with a credibility determination, which the trial court decided against Gerke.

Gerke has not shown that the state courts' disposition of his sufficiency-of-the-evidence claim was objectively unreasonable.

V.  **APPROPRIATENESS OF REVOCATION**

Gerke's third argument is extremely difficult to understand, but he seems to be saying that the violation of which he was accused, even if he committed it, did not justify revocation of his probation (Dkt. 1 at pp. 15–16). A "stern warning" or "simple modification" of the probationary terms, Gerke argues, "would have accomplished society's goal of furthering [Gerke's] rehabilitation without jeopardizing public safety" (Dkt. 1 at p. 16).

The Court agrees with Judge Atlas that deferred-adjudication probation revocation proceedings need only meet the "minimum requirements of due process" by providing the following procedural safeguards:

(1)  Written notice of claimed violations of probation;

(2)  Disclosure to the probationer of evidence against him;

(3)  Opportunity to be heard in person and to present witnesses and documentary evidence;

(4)  The right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds a good cause for not allowing confrontation);

(5)  A neutral and detached hearing body; and

(6)  A written statement by the factfinders as to the evidence relied on and reasons for revocation.

*Williams*, 2006 WL 492404, at *10 (citing *Gagnon*, 411 U.S. at 781; *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972); and *Williams v. Johnson*, 171 F.3d 300, 304 (5th Cir. 1999), *cert. denied*, 528 U.S. 882 (1999)).

Gerke does not argue, and judging from the record could not argue, that any one of these safeguards was missing. The judge did not have to revoke Gerke's probation, but the

fact that he did so did not violate Gerke's Constitutional rights. The Constitution allowed certain conditions to be placed on Gerke's liberty once Gerke pled guilty to stalking his ex-wife. *See Gagnon*, 411 U.S. at 781–82. If Gerke breached those conditions—and the state trial court justifiably found that he breached them in a particularly flagrant way—he therefore subjected himself to the possibility that his probation would be revoked and he would be sent to prison.

Gerke has not shown that the state courts' disposition of this claim was objectively unreasonable.

## VI. CERTIFICATE OF APPEALABILITY

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling

standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## VI. <u>CONCLUSION</u>

Based on the foregoing, the Court **ORDERS** as follows:

1. The Respondent's motion for summary judgment (Dkt. 16) is **GRANTED**.

2. The habeas corpus petition (Dkt. 1) is **DISMISSED WITH PREJUDICE.**

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Galveston, Texas, on \_\_\_\_June 24\_\_\_\_, 2016.

                                                GEORGE C. HANKS, JR.
                                        UNITED STATES DISTRICT JUDGE